IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN ECHOLS,** | ) | CASE NO. C-1-01-761 |
| | ) | Judge Arthur S. Spiegel |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO INTERVENE** |
| | ) | **and/or FOR SUBSTITUTION** |
| **MICHAEL WILLIAMS, et al.** | ) | **OF PARTIES and FOR** |
| | ) | **JUDGMENT ON SETTLEMENT** |
| Defendants. | ) | |

Now comes Thomas G. Eagle, pursuant to Federal Rules of Civil Procedures 24 and 25(c), and moves this Court to grant an Order allowing counsel to substitute, (partially), as a party to this case, for the purposes of enforcing the Judgments which have previously been entered by this Court, including to enforce the attorney's claims/liens to a portion of the settlement proceeds; and, further moves this Court to issue an Order adopting the settlement agreement and making it an Order of the Court, regardless of the Plaintiff's signature thereon.

As grounds for this Motion, counsel states that he is entitled to said intervention and a claim upon the settlement proceeds, and would therefore be entitled to have this Court enforce its judgment making a settlement agreement an Order of the Court.

The grounds for this Motion are further set forth in the attached memorandum.

                                          **THOMAS G. EAGLE CO., L.P.A.**

                                           /s/ Thomas G. Eagle
                                          **Thomas G. Eagle** (0034492)
                                           Attorney for Plaintiff
                                           3386 N. State Rt. 123
                                           Lebanon, Ohio 45036
                                           (937) 743-2545

## MEMORANDUM

I.      <u>FACTS</u>

On May 15, 2003, this Court issued an Order (Doc. 31) on the Defendants' Motion to Reopen the action, and their Motion to Compel the Settlement Agreement. The Court granted said Motion, finding the settlement agreement is enforceable. The terms of that settlement agreement were summarized in Defendants' motion (Doc. 29), p.3. The terms in said settlement agreement, at p.2, paragraph 8.a.-e., were *the only express* terms agreed between the parties at the time of the settlement hearing.

The Court's Order was appealed by Plaintiff to the Sixth Circuit Court of Appeals, and said Appeal was dismissed for want of prosecution.

Before the Court now are the terms of the settlement, which have been affirmed and confirmed by the Court, but which have not been complied with, as the Plaintiff has essentially not responded to inquiries, and has not signed any thing confirming the terms of the settlement, although the Court has affirmed that the settlement agreement terms are enforceable.

The terms of the settlement included not only affirmative acts on the part of the Defendants (and the Plaintiff, paragraph C, which the Plaintiff <u>did</u> provide and complied with) and, to the best of counsel's knowledge, the Defendants though have not complied with the provisions of paragraph A., D., or E. The undersigned, movant, has a vested interest in the Defendants' performance of Section A., being the payment, upon which counsel has a claim for attorney's fees.

II.    <u>LAW AND ARGUMENT</u>

Federal Rule of Civil Procedure 24(a) provides that, upon timely application, "anyone shall be permitted to intervene in an action" in circumstances where "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties". Further, "anyone" is "permitted to intervene in an action" where "applicant's claim . . . and the main action have a question of law or fact in common." Further, Federal Rule of Civil Procedure 25(c) allows substitution of parties where there is a transfer of interests in the subject matter.

In this case, the undersigned counsel was retained as attorney for the Plaintiff throughout these proceedings, and has in full force and effect a valid fee agreement under Ohio Law, which, also under Ohio Law, allows the undersigned counsel a lien and claim against the settlement for the purposes of collecting said fee. For reasons known only to the Plaintiff himself, he has chosen at this time not to pursue his rights in the settlement,

apparently hoping instead that the Defendants will renege on the settlement and the matter be permitted to proceed to trial, and that is his choice; the undersigned counsel though has a right to enforce the settlement to the extent of protecting and enforcing his lien on the settlement proceeds. See Affidavit attached hereto. <u>Fire Protection Resources, Inc. v. Johnson Fire Protection Co.</u>, (1991), 72 Ohio App. 3d 205, 209; <u>Mancino v. City of Lakewood</u> (1987), 36 Ohio App. 3d 219, 224; <u>Babin v. Royal Indemnity Co.</u> (C.P. 1930), 28 Ohio N.P.(N.S.) 148, 151; <u>Brewer v. Emmett</u> (C.P. 1918), 31 Ohio Dec. 384, 385-86; <u>Huling v. City of Columbus</u> (C.P. 1912), 13 Ohio N.P. (N.S.) 409, 411-413. See also, <u>Walcutt v. Huling</u> (1913), 5 Ohio App. 326, 331-332, <u>affd</u>., 92 Ohio St. 518 (an attorney may bring suit to establish a lien for attorney's fees upon a fund which has been produced by his efforts). The attorney's lien arises where judgment has been obtained in the case. <u>In Re: Hronek</u>, 563 F.2d296 (6th Cir. 1977); <u>Pennsylvnia Co. vs. Thatcher</u> (1908), 78 Ohio St. 175.

Further, the attorney is entitled to enforce claims not only against the client, but also against third parties liable to pay the client. See e.g., <u>Bailey v. Toledo & O.C.R. Co</u>. (C.P. 1905), 15 Ohio Dec. 745, 746-747. Intervention is the appropriate method for enforcing said lien. The Ohio Courts have held:

> In Ohio, attorneys are not considered to be mere lien creditors with respect to fees owed to them out of the judgments they helped create. They retain the benefit of such liens "* * * in the absence of an Agreement with their client that they should have such lien." [citation omitted], and these liens have a priority over other liens. [citations omitted]. . . . Unlike other liens, an attorney's lien "* * * has its origin in the inherent power of courts over the relations between attorneys and their clients. The power which the courts have summarily to enforce the performance by the attorney of his duties toward his client enables the court to protect

> the rights of the attorney as against the client." [citations omitted]. " '[U]ntil a judgment is fully executed, the court retains jurisdiction of the subject matter and the parties for the purpose of hearing any motion affecting such judgment, and if the attorney desires to have his lien established and declared against such judgment, he may apply to the court for that purpose.' * * * 'An attorney's lien is enforceable through the control the courts have of their judgments and records, and by means of their own process.' " [citations omitted]. An attorney's right to fees out of the judgment, therefore, is no different than if "* * * attorney's fees were thus included in the verdict and judgment * * * ." [citations omitted].
>
> * * *
>
> Ohio courts have held that, where the parties are not strangers to the suit, "* * * the compensation of the plaintiffs should be worked out by application to the court holding the fund, and in which the services were rendered."

Fire Protection Resources, supra at 209-210 (editing partially added and partially in original); Mancino, supra at 224.

Further, this case was settled on certain terms and conditions, which did not expressly require the Plaintiff to actually sign anything, as long as his agreement is binding upon him, which it is by Order of this Court, collateral estoppel, and res judicata. This Court is fully entitled to issue a Court Order enforcing the terms of the settlement agreement. Brock v. The Scheuner Corp., 841 F. 2d 151, 154 (6th Cir. 1988).

The undersigned counsel requests this Court to permit him to intervene and/or substitute for the Plaintiff in this case for the purposes of enforcement of paragraph A of the terms of the settlement agreement; to issue an Order (which has been submitted as a proposed Order) enforcing the agreement; and including a provision ordering the parties

to simply comply with the terms thereof, regardless of Plaintiff's lack of signature thereon.

WHEREFORE, it is requested that said Order issue.

**THOMAS G. EAGLE CO., L.P.A.**

 /s/ Thomas G. Eagle
**Thomas G. Eagle** (0034492)
Attorney for Plaintiff
3386 N. State Rt. 123
Lebanon, Ohio 45036
(937) 743-2545

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29th, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tomi L. Dorris, Assistant Attorney General, Ohio State Highway Patrol, P.O. Box 182074, Columbus, Ohio 43218-2074; and that a copy of the foregoing was sent by ordinary U.S. mail on 30th June, 2004, to John Echols, 2370 Skipcha Drive, Harker Heights, Texas 76548.

 /s/ Thomas G. Eagle
**Thomas G. Eagle**

# **AFFIDAVIT**

**STATE OF OHIO,**            )
                              ) ss:
**COUNTY OF WARREN,**   )

    Now comes Thomas G. Eagle, being first duly cautioned and sworn, who deposes and states as follows:

    1. I was counsel for the Plaintiff in this case.

    2. Prior to the initiation of the representation for the purposes of this civil action, the Plaintiff, John Echols, executed a Fee Agreement, in writing, agreeing to pay a certain fee to the undersigned upon settlement of this case.

    3. The terms and conditions of said Fee Agreement have occurred and been satisfied and there are fees due thereunder that have not been paid. Although demand has been made, the Plaintiff has not responded.

    Further, Affiant sayeth naught.

                                                                              _____
                                                                              **Thomas G. Eagle**

Sworn and subscribed before me this _____ day of June, 2004.

                                                                              _____
                                                                              **Notary Public**