IN THE UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Echols, | : | Case No. C-1-01-761 |
|     Plaintiff, | : | Judge Arthur S. Spiegel |
| v. | : | |
| Michael Williams, et al., | : | |
|     Defendants. | : | |

**Defendants' Response to Motion to Intervene and/or
Substitution of Parties and For Judgment of Settlement**

    On June 29, 2004, counsel for Plaintiff filed a motion requesting this Court allow counsel to (partially) substitute as a party to this case in order to enforce the judgment previously entered into between plaintiff and defendants. (R. 36). Counsel attached an affidavit indicating he and Plaintiff had entered into an agreement whereby Plaintiff agreed to pay counsel a certain fee upon settlement of this case. Counsel further states the terms and conditions of the fee agreement have occurred and there are now fees due counsel which have not been paid by Plaintiff. While Defendants certainly sympathize with counsel's plight, counsel has not presented proof sufficient to establish an agreement between himself and his client. Further, counsel's actions should be focused on his (former) client in order to obtain the monies to which counsel is entitled.

    The preliminary question whether counsel has a valid attorney's lien against Plaintiff is

governed by Ohio law.  Butner v. United States, 440 U.S. 48, 55 (1979).  Ohio courts require some degree of proof of an agreement between the attorney and client to establish the existence of a valid attorney's lien.  See Olds v. Tucker, 35 Ohio St. 581 (1880); Diehl v. Friester, 37 Ohio St. 473 (1882); Cohen v. Goldberger, 109 Ohio St. 22 (1923).

In Minor Child of Zentack v. Strong, 83 Ohio App.3d 332, 614 N.E.2d 1106 (Ohio Ct. App. 1992), a law firm that had recovered an award for its client moved to intervene when the trial court ordered the client to pay child support arrearages from the award proceeds.  The motion to intervene was supported by the attorney's affidavit stating the client had agreed to pay the firm a contingent fee on the amount recovered on the client's behalf.  Id. at 1108.  In rendering its decision, the Court of Appeals noted the law firm did not attach a copy of the contract nor an affidavit from the client confirming the existence of such a fee sharing agreement.  Id.  The Court held "that a naked affidavit by an attorney, without a copy of the agreement of the parties or an affidavit of the attorney's client admitting to a contingent fee agreement, is insufficient as a matter of law to operate as proof of an equitable lien in favor of the attorney."  Id.  In the instant case, Defendants assert counsel has failed to establish the existence of a fee sharing agreement between himself and Plaintiff.

For reasons known only to him, Plaintiff has failed to sign the terms and conditions of the settlement agreement.  Those terms and conditions provide the Ohio State Highway Patrol to issue one check to Plaintiff, not to Plaintiff's attorney.  Nothing in the agreement speaks to the payment of attorney fees as that responsibility was left, by agreement of the parties, with the Plaintiff.  Apparently, Plaintiff has refused to pay counsel for the work he completed on Plaintiff's behalf.  While understanding the frustration counsel must be feeling, defendants assert counsel should file suit against Plaintiff in order to recover his fees.

Respectfully Submitted,

Jim Petro
Attorney General of Ohio

*/s/ Tomi L .Dorris*

Tomi L. Dorris (0042360)
Trial Counsel
Assistant Attorney General
Ohio State Highway Patrol
PO Box 182074
Columbus, Ohio  43218-2074
(614) 466-7014
Counsel for Defendants
Williams, Luebbers, and Blyberg

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2004, I electronically submitted the foregoing **Defendants' Response to Motion to Intervene and/or Substitution of Parties and For Judgment of Settlement** with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the CM/ECF system.

*/s/ Tomi L. Dorris*

_____
Tomi L. Dorris (0042360)
Assistant Attorney General