**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN ECHOLS,** | ) | **CASE NO. C-1-01-761** |
| | ) | Judge Arthur S. Spiegel |
| Plaintiff, | ) | |
| | ) | **REPLY TO DEFENDANTS'** |
| | ) | **RESPONSE TO COUNSEL'S** |
| vs. | ) | **MOTION TO INTERVENE** |
| | ) | **and/or FOR SUBSTITUTION** |
| **MICHAEL WILLIAMS, et al.** | ) | **OF PARTIES and FOR** |
| | ) | **JUDGMENT ON SETTLEMENT** |
| Defendants. | ) | |

Now comes Thomas G. Eagle, and as his Reply to the Defendants' Response (Doc. 37) to the Motion to Intervene and/or for Substitution of Parties and for Judgment on Settlement (Doc. 36), submits the following additional memorandum.

The Defendant's only response is that a copy of the written fee agreement was not attached. Indeed, Defendants do not contest Counsel's right to intervene to protect and collect fees pursuant to a fee agreement, by lien, and that such is enforceable in this proceeding and by this procedure. In fact, a local federal court has recently so held. See In Re Simms Construction Services Co., Inc. (Corzin vs. Decker), 2004 Bankr. LEXIS 888, 2004 Fed. App. 0006P (6th Cir. B.A.P. 2004), at 13-15. Defendants do not contend or argue otherwise.

Defendants only argument, that the "lien" cannot be so protected only because a copy of the written fee agreement has not been attached, is not supported by Ohio law. Of course, "some degree of proof of an agreement between the attorney and client is required to establish the existence of a valid attorney's lien under Ohio law." Simms, supra at 15-16. Whether the agreement is contingent or otherwise is also irrelevant. Fire

Protection Resources, Inc. v. Johnson Fire Protection Co. (1991), 72 Ohio App. 3d 205, 207 (the attorney's lien exists regardless of whether the fee is contingent or otherwise). Further, the enforcement of the lien is determined in federal court by reference to state law, as pronounced by the State's highest court, Garden City Osteopathic Hosp. vs. HBE Corp., 55 F.3d 1126, 1130 (6th Cir. 1995), rather than one intermediate state appellate court, which would only be "relevant data" *if* the highest court in the state has not spoken on the issue. Id.

As the Court in Simms found, the Ohio Supreme Court has rejected, indirectly, that an agreement is even required to establish the lien rights, much less the filing of it. In Simms, discounting the accuracy of appellate courts on the issue, including that solitary case cited by Defendants here, a statement of the client, and an affidavit of counsel, was sufficient, even without a written agreement. Id. at 20-21. The attorney was allowed a lien on proceeds of an arbitration proceeding against the "judgment debtor," here the Defendants.

There therefore does not appear to be Ohio Supreme Court pronouncements *requiring* a written fee agreement be attached to a claim, nor an admission of the client, and this makes perfect sense: in a case such as this, where the client has, for his own reasons, not participated in consummating a settlement, such a decision cannot defeat the attorney's lien. Further, where the existence of a written fee agreement is averred by affidavit, and not denied or disputed by any person, making the details of such written agreement a matter of public record and available to any person accessing the Court's files serves no purpose to the Court, the public, or the parties.

Counsel has the written fee agreement, signed by Plaintiff and Counsel, which

does in fact provide for a lien on any settlement proceeds and in a determinable amount thereof. Counsel does not though wish to make Plaintiff's personal financial obligations unnecessarily a part of a public record.

Therefore, it is requested that the Court grant the motion and order disbursement of the settlement proceeds, without the necessity of filing in an online-accessible record a copy of the fee agreement. In the alternative, counsel can cause said agreement to be filed upon the Court's directive to do so.

                          **THOMAS G. EAGLE CO., L.P.A.**

                          /s/ Thomas G. Eagle
                          **Thomas G. Eagle** (0034492)
                          Attorney for Plaintiff
                          3386 N. State Rt. 123
                          Lebanon, Ohio 45036
                          (937) 743-2545

## CERTIFICATE OF SERVICE

I hereby certify that on July 28th, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tomi L. Dorris, Assistant Attorney General, Ohio State Highway Patrol, P.O. Box 182074, Columbus, Ohio 43218-2074; and that a copy of the foregoing was sent by ordinary U.S. mail on 28th June, 2004, to John Echols, 2370 Skipcha Drive, Harker Heights, Texas 76548.

                          /s/ Thomas G. Eagle
                          **Thomas G. Eagle**