```
              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

John Echols,                        :    NO. 1:01-CV-00761
                                    :
    Plaintiff,                     :
                                    :
  v.                                :    **ORDER**
                                    :
Michael Williams, et al.            :
                                    :
                                    :
    Defendants.                    :

This matter is before the Court on Plaintiff's Counsel's Motion to Intervene and/or For Substitution of Parties and For Judgment on Settlement (doc. 36), Defendants' Response to Motion to Intervene and/or Substitution of Parties and For Judgment on Settlement (doc. 37), and Plaintiff's Counsel's Reply to Defendants' Response to Counsel's Motion to Intervene and/or For Substitution of Parties and For Judgment on Settlement (doc. 38).

**PARTIES' MOTIONS**

Plaintiff's Counsel, Thomas G. Eagle's (hereinafter "Eagle") Motion asks the Court pursuant to Federal Rules of Civil Procedure 24 and 25(c) to issue an order allowing him to be substituted (partially) as a party to the instant case for purposes of enforcing settlement judgments which have previously been ordered by this Court (See docs. 28 and 31). Eagle maintains that his client, Plaintiff, John Echols (hereinafter "Echols"), has chosen not to pursue his rights in settlement in hopes that the Defendants will renege on the settlement agreement and the matter will then proceed to trial (doc. 36).

Eagle argues that he is a "claimant" with an interest in

property or a transaction relevant to this matter and the pursuant to Federal Rules of Civil Procedure 24(a) his interests may be impaired or impeded unless he is given an opportunity to protect his interest in the action - namely, attorney costs and fees allegedly to be paid by Echols to Eagle pursuant to the employment contract established between the two (Id.).  Eagle argues that intervention is the appropriate means of enforcing a lien he has against the settlement obtained by Echols against Defendants (Id.).

Defendants counter that Eagle has not presented proof sufficient to establish that an agreement between Eagle and Echols existed (doc. 37).  Furthermore, Defendants contend that Eagle should seek to obtain whatever monies are owed to him by Echols from Echols, not from the Defendants (Id.).  The Defendants maintain that the Ohio courts require proof of an agreement between an attorney and his client in order to establish the existence of a valid attorney's lien (Id.)

Eagle notes in his Reply to Defendants' Response to Counsel's Motion to Intervene and/or For Substitution of Parties and For Judgment on Settlement (doc. 38) that he does not want to reveal the agreement between himself and Echols so that Echols personal financial obligations do not become part of the public record (Id.).  The Court would like to obtain a copy of the employment agreement between Eagle and Echols and a detailed accounting of all fees charged by Eagle thus far in this matter as well as a detailed accounting of incurred costs.  These materials will be reviewed by the Court in camera with counsel for both

parties and returned to Plaintiff and his counsel so as not be disclosed to the public.

**CONCLUSION**

The Court, therefore, ORDERS Eagle to furnish a copy of the employment agreement between himself and Echols, in camera, as well as ORDERS Eagle to furnish the Court with a detailed accounting of all fees and costs associated with this matter. These materials should be delivered to the Court forthwith. Until such information is delivered to the Court, the Court will refrain from ruling on the current motions before it.

SO ORDERED.

Date: September 2, 2004         s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge