```
            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

JOHN ECHOLS,                         :
                                     :   NO. 1:01-CV-00761
           Plaintiff,                :
                                     :
                                     :   **ORDER**
    v.                               :
                                     :
                                     :
MICHAEL WILLIAMS, et. al.,           :
                                     :
           Defendants.               :

This matter is before the Court on Plaintiff's Counsel's Motion to Intervene and/or for Substitution of Parties and for Judgment on Settlement (doc. 36), Defendants' Response to Motion to Intervene and/or Substitution of Parties and for Judgment on Settlement (doc. 37), and Plaintiff's Counsel's Reply to Defendants' Response to Counsel's Motion to Intervene and/or for Substitution of Parties and for Judgment on Settlement (doc. 38). On September 3, 2004, the Court ordered the Plaintiff's Counsel, Thomas Eagle (hereinafter "Eagle"), to submit, *in camera*, a copy of the employment agreement between Eagle and the Plaintiff, as well as a detailed accounting of all fees charged by Eagle thus far in this matter, as well as a detailed accounting of any incurred costs (doc. 39). On September 8, 2004, Eagle submitted the requested documents (doc. 40). As such, the Court is now prepared to rule on the motions before it (docs. 36, 37, and 38).

**FACTUAL & PROCEDURAL HISTORY**

This matter stems from the December 19, 1999 stop of Plaintiff, who was driving a commercial tractor-trailer through Butler County, Ohio, by Defendant Williams of the Ohio State Highway Patrol (hereinafer "OSHP") (doc. 1). Plaintiff alleges that such stop, unsupported by probable cause, ripened into an invalid search and seizure (Id.). Other OSHP troopers arrived to the scene and Plaintiff argued with them, demanding to see their superior (Id.). The troopers, finding nothing, decided to release Plaintiff (Id.). Plaintiff was angered and wanted to see their superior (Id.). Defendant Blyberg threatened Plaintiff with arrest if he did not leave the site of the public road (Id.). Plaintiff complied and at a subsequent location on the same highway, called the 9-1-1 emergency telephone system, but terminated the call by hanging up prior to an operator responding (Id.). Defendants again made contact with Plaintiff and arrested him for "disruption of public services," a felony, and "false use of the 9-1-1 system," a misdemeanor (Id.). Plaintiff was jailed for nearly three days (Id.). Upon subsequent prosecution of Plaintiff, all charges against him were dropped either for lack of probable cause, for insufficient evidence, or for other reasons (Id.).

On November 1, 2001, Plaintiff asserted a number of constitutional violations against Defendants (Id.). The matter was set for trial on May 12, 2003 (doc. 9) and final pretrial conference on April 17, 2003 (doc. 25). At the April 17, 2003

conference, the Court conducted settlement negotiations between the parties that resulted in a settlement agreement between them (doc. 28). Plaintiff subsequently regretted settling the case and decided he would have preferred to have gone to trial (doc. 30).

In an Order dated May 15, 2003 (doc. 31), the Court found that the settlement agreement as reached on April 17, 2003 was enforceable (Id.). Considering that a settlement agreement is a contract (See Bamerliease v. Nearburg, 958 F.2d 150, 152 (6th Cir. 1992), the Court found no basis to rescind the settlement agreement based merely on one parties' emotional regret over the terms of the agreement (doc. 31). Furthermore, the Court viewed the agreed upon settlement as fair, noting that due process was accorded and justice achieved (Id.).

Subsequent to the Court's Order enforcing the settlement agreement (Id.), Plaintiff filed an appeal with the United States Court of Appeals for the Sixth Circuit seeking that the settlement agreement be set-aside (doc. 33). However, Plaintiff's appeal was dismissed for want of prosecution (doc. 35). Eagle then filed his above mentioned motion seeking his attorney fees and costs earned and incurred during the course of litigation (doc. 36).

**ANALYSIS**

The Court is persuaded by Eagle's argument that a

lien was created, both implicitly and explicitly by the terms of the agreement between the Plaintiff and Eagle, that can be enforced not only against the Plaintiff but also the Defendants (See doc. 36 citing Fire Protection Resources, 594 N.E.2d 146, 148-49 (Ohio App. 1991)).  The Court has also, as noted above, found the settlement agreement enforceable.

The review of the employment agreement between Plaintiff and Eagle reveals that Plaintiff was to pay Eagle the higher of $2,500.00 or one-third (1/3) of the settlement amount if the case was resolved fifty-nine (59) days before trial or at trial (doc. 40, documents reviewed *in camera*).  The settlement agreement between Plaintiff and Defendants was reached on April 8, 2003 and trial was scheduled for May 12, 2003 (doc. 28 & 9).  The period between the date of settlement and the date of trial is less than fifty-nine (59) days.  Plaintiff also remitted to Eagle $2,500.00 as a retainer (i.e., prepaid fees) which said amount was exhausted by costs incurred throughout the litigation.

**CONCLUSION**

The Court ORDERS that Defendants should remit directly to Eagle the following amount: $75,269.72 (representing $74,999.99 which equals one-third (1/3) of the settlement agreement plus $269.73 which equals the amount of unreimbursed costs owed Eagle by Plaintiff.  Furthermore the Court ORDERS that Defendants should remit the remainder of the settlement, being $149,730.28,

directly to the Plaintiff.  Defendants should remit the above mentioned sums to Eagle and the Plaintiff forthwith.  Those materials requested by the Court from Eagle to be viewed *in camera* shall remain under seal.

    SO ORDERED.

Dated: September 15, 2004    <u>s/S. Arthur Spiegel</u>
                                        S. Arthur Spiegel
                                        United States Senior District Judge